UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. BRUNNER AND J. FRY, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX INTERNET, LLC AND FENIX INTERNATIONAL LIMITED, <br><br> Defendants. | Case No. 1:25-CV-3244 <br><br> Honorable John F. Kness |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

Pursuant to the Court's May 23, 2025, Minute Order (ECF No. 30), the parties jointly submit the following initial status report.

### I. Nature of the Case

#### A. Counsel of Record

**Counsel for Plaintiffs**

Andrea R. Gold – Lead Trial Attorney
Shana Khader
David McGee*
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue, NW,
Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
Email: skhader@tzlegal.com
Email: dmcgee@tzlegal.com

Keith T. Vernon** – Co-Lead Attorney
TIMONEY KNOX, LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

Robert B. Carey*
Leonard W. Aragon*
HAGENS BERMAN SOBOL
SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Email: rob@hbsslaw.com

leonarda@hbsslaw.com

Andrew W. Knox**
TIMONEY KNOX, LLP
400 Maryland Drive
Fort Washington, PA 19034
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: aknox@timoneyknox.com

Troy M. Frederick***
Beth A. Frederick***
FREDERICK LAW GROUP PLLC
836 Philadelphia Street
Indiana, Pennsylvania 15701
Phone: (724) 801-8555
Fax: (724) 801-8358
Email: TMF@FrederickLG.com
Email: BAF@FrederickLG.com

David M. Ferris***
Brian R. Charville***
FERRIS & CHARVILLE, LLC
118 Turnpike Road, Suite 300
Southborough, MA 01772
Phone: (508) 281-5600
Facsimile: (508) 229-0356
Email: david@ferrisdevelopment.com
Email:
bcharville@ferrisdevelopment.com

Jonathan Shub***
SHUB JOHNS & HOLBROOK ,LLC
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
Email: jshub@shublawyers.com

*Admitted to Appear Pro Hac Vice
** Motion pending to Appear Pro Hac Vice
*** Motion to Appear Pro Hac Vice to be filed

**Counsel for Defendants**

**Matthew L. Kutcher – Co-Lead Attorney**
**Jamie D. Robertson**
**Mariah A. Young**
COOLEY LLP
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
mkutcher@cooley.com
jdrobertson@cooley.com
mayoung@cooley.com

**Michelle Doolin – Co-Lead Attorney**
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
Tel.: (858) 550-6000
mdoolin@cooley.com

**Kyle C. Wong**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel.: (415) 693-2000
kwong@cooley.com

### B.     Federal Jurisdiction and Venue

#### 1.     Jurisdiction

This Court has subject-matter jurisdiction over this action based on the parties' diversity of citizenship under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action involving more than one hundred (100) putative Class Members, the amount in controversy exceeds $5 million dollars, exclusive of interests and costs, and at least one Class Member is a citizen of a different state than Defendants' state.

Plaintiffs contend that the Court has personal jurisdiction as Defendants, amongst other things, run a website that contracts with content creators ("Creators") in this state, helps them sell their work, and shares revenue from those sales, showing it does business within the district and State of Illinois and profits from it. Their website is interactive both with consumers and Creators in the district and State of Illinois, and Defendants provide support and tools to its Creators. Plaintiffs' claims arise out of and are related to those substantial contacts within this judicial district.

Defendants deny that this Court has personal jurisdiction over them and plan to file a motion to dismiss for lack of personal jurisdiction, as well as under the doctrine of *forum non conveniens* pursuant to Defendants' assertion that an exclusive jurisdiction forum selection clause requires that Plaintiffs' claims be brought in the courts of England and Wales. *See* ECF No. 22 (Defendants' agreed motion for extension of time).  The parties intend to file a second agreed motion requesting the

Court extend Defendants' deadline to answer or respond to the Complaint until August 1, 2025.

Plaintiff M. Brunner ("Brunner") alleges he is a natural person and citizen of the State of Illinois domiciled in Will County. Plaintiff J. Fry ("Fry") alleges he is a natural person and a citizen of the State of Illinois domiciled in Kane County.

Defendant Fenix Internet, LLC ("Fenix Internet") is a Delaware registered limited liability corporation whose principal address is in Wilmington, Delaware.

Defendant Fenix International Limited ("FIL") is a Limited Company registered in England whose principal address is in London, United Kingdom.

## 2. Venue

Plaintiffs contend that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, as Plaintiffs reside within this judicial district. Plaintiffs' position is that the forum selection clause is permissive and does not preclude litigation in this forum, and, to the extent Defendants contend it requires Plaintiffs' claims to be brought in the courts of England and Wales, it is unenforceable under English law, federal law, and Illinois law.

Defendants' position is that venue is improper in this Court because Plaintiffs agreed to an exclusive forum selection clause designating the courts of England and Wales as the exclusive forum to bring all claims arising out of OnlyFans's Terms of Service ("ToS") and Plaintiffs' use of OnlyFans. Defendants note that Plaintiffs

attached the ToS to their Complaint. (ECF No. 1, Exs. A, B.) Defendants intend to move to dismiss on these (among other) grounds.

### C. Case Overview

#### 1. Plaintiffs' Position

Plaintiffs instituted this class action lawsuit against the operators of the website OnlyFans.com ("OnlyFans"), a social media platform in which users ("Fans") pay to access content uploaded by Creators, including direct messages, videos, and photographs. Defendants market OnlyFans as a platform for "authentic connections" between Fans and Creators, allowing users to pay for subscriptions and direct messaging while retaining 20% of the revenue from these transactions. Unbeknownst to Fans, many of the "authentic" communications they pay for are not with the Creators at all because many of the highest-earning Creators hire third-party call center "chatters" to interact with Fans, a fact known to OnlyFans. OnlyFans promotes direct communication to deceptively induce Fans to pay for interactions with Creators, while knowingly allowing many of those interactions to occur without the Creators' involvement, thereby breaching its contractual obligations and defrauding customers in pursuit of enormous profits. In so doing, OnlyFans also shared Plaintiffs' sensitive personal information with third parties without Plaintiffs' knowledge or consent.

#### 2. Defendants' Position

Plaintiffs instituted this duplicative putative class action lawsuit against FIL, the operator of the website OnlyFans.com ("OnlyFans"). Plaintiffs also name Fenix

Internet, which provides payment processing assistance to FIL, as a Defendant. Ignoring the express and contrary language in the ToS, Plaintiffs allege that Defendants falsely promised that content Creators would not engage third-parties to assist in the management of their accounts, including their interactions with Plaintiffs and other users ("Fans") who pay to access content uploaded by Creators.

Because Plaintiffs deliberately misread the contract to which they agreed, their allegations are false and fail to support any of their claims.

### D.    Claims Asserted in the Complaint

#### 1.    Plaintiffs' Claims

Plaintiffs, individually and on behalf of all others similarly situated, allege that OnlyFans' conduct gives rise to the following causes of action: Violation of the Federal Video Privacy Protection Act; Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing; Unjust Enrichment, in the alternative; Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, both Deceptive Practices and Unfair Practices; Illinois Common Law Fraud; and Declaratory Judgment.

#### 2.    Defendants' Defenses

Defendants assert that Plaintiffs' claims fail under (1) the *forum non conveniens* doctrine; (2) Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction; (3) Section 230 of the Communications Decency Act; (4) the First Amendment of the United States Constitution; and (5) Rules 12(b)(6) and 9(b) for failure to state a claim.  Defendants may also assert the following non-exhaustive list of affirmative defenses: Plaintiffs' claims are barred by Section 230 of the

6

Communications Decency Act, statute(s) of limitations, failure to mitigate damages, the doctrine of unclean hands, and laches. Defendants reserve the right to amend and/or supplement their affirmative defenses at the time they answer Plaintiffs' Complaint, and any time thereafter as permitted under the Federal Rules of Civil Procedure and by this Court.

### E.     Principal Factual Issues

#### 1.     Plaintiffs' Position

The principal factual issues concern Defendants' failure to honor their contractual promises and their misrepresentations and omissions to Plaintiffs and Class Members. Specifically, whether Defendants misled users into believing they were communicating directly with Creators on the OnlyFans platform, when in fact third parties were impersonating Creators; whether Plaintiffs' sensitive personal information, including intimate communications, were shared with third parties without Plaintiffs' knowledge or consent; whether Defendants knew of, ignored, or actively facilitated these deceptive practices; and whether Plaintiffs and putative Class Members suffered harm as a result of these practices and, if so, the extent thereof.

#### 2.     Defendants' Position

The principal factual issues include whether Defendants made any enforceable representations to Plaintiffs and Class Members about whether Creators could use third parties to assist in the management and operation of their accounts, whether Defendants knew of and reasonably believed any such representations (if any were

made), whether Plaintiffs justifiably relied on any such representations (if any were made), whether Defendants facilitated the allegedly fraudulent practices (or knew of and were contractually obligated to stop such practices), whether Plaintiffs and Class Members suffered any harm as a result of these practices, and whether Plaintiffs can show, as a factual matter, that this case should proceed as a class action.

### F.     Principal Legal Issues

Plaintiffs oppose Defendants' request to stay this matter pending the final resolution of *McFadden et al. v. Fenix Internet et al.,* (1:23-CV-06151) (N.D. Ill.). While Plaintiffs acknowledge that this matter confronts similar fact and liability issues as in the *McFadden* case, there is a significant difference given Defendants' change to the applicable ToS and given that this action raises privacy violations under the federal Video Privacy Protection Act. What Defendants fail to acknowledge and address is that in August 2024, Defendants amended their ToS to make significant changes, which raise new legal issues including the enforceability of the forum selection and choice of law clauses, the impact on the proposed putative class and subclass, and the other clauses referenced by Defendants below. Because these legal issues as to the 2024 ToS have not been fully briefed or considered in *McFadden*, it is Plaintiffs' position that they should be addressed in this matter without delay (and the concomitant prejudice to Plaintiffs).  Plaintiffs will fully detail and argue their position in their soon to be filed Opposition to Defendants' Motion to Stay.

As to the merits, Plaintiffs assert that the principal legal issue will be whether Defendants' conduct as alleged in the Complaint was unlawful as to the above listed

8

causes of action; the monetary and injunctive relief to which Plaintiffs are entitled; and whether this matter may proceed as a class action represented by Plaintiffs and class counsel.

Defendants assert that the principal legal issue is whether this case should be stayed pending the final resolution of the first-filed and related action, *McFadden et al. v. Fenix Internet et al.,* (1:23-CV-06151) (N.D. Ill.). The near identical action commenced nearly two years ago, and the parties have already concluded briefing and argument on the motion to dismiss. Defendants have moved to stay this case pending final resolution of *McFadden* and Plaintiffs will respond on June 12, 2025.

Additional legal issues in this case, according to Defendants, include whether the Court will give each term of the ToS full effect including (1) the forum selection clause, (2) the choice-of-law clause, (3) the clause disclaiming any affirmative obligation for Defendants to monitor or moderate Creators' content in any way, (4) the clause limiting disputes arising from a Fan/Creator Transaction (as defined in the ToS) pursuant to the terms of the standard Contract between Fan and Creator, and (5) the clause specifically permitting Creators to use third parties to assist them in operating their OnlyFans accounts. Additional threshold legal issues include (1) whether this Court has personal jurisdiction over Defendants, (2) whether Section 230 of the Communications Decency Act bars Plaintiffs' claims, (3) whether the First Amendment to the United States Constitution bars Plaintiffs' claims, (4) whether Plaintiffs have failed to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b), (5) whether Plaintiffs are entitled to relief where the allegedly concealed

information was known to them by virtue of their agreement to the OnlyFans ToS, and (6) whether the proposed class can be certified under Federal Rule of Civil Procedure 23.

### G.    Relief Sought

Plaintiffs seek certification of this action as a class action (including a nationwide class, as well an Illinois subclass), and are seeking monetary damages allowed by law (including statutory, compensatory, consequential, and/or punitive damages, and/or restitution), appropriate injunctive relief, and an award of appropriate attorney fees and costs.

Defendants dispute that (1) Plaintiffs can meet the requirements for proceeding as a class action, (2) Plaintiffs and counsel are appropriate representatives of the purported class, and (3) Plaintiffs or any putative class is entitled to any relief.

### H.    Service: All Defendants have been served.

## II.    Case Scheduling and Discovery

### A.    Proposed Discovery Schedule

#### a.    Plaintiffs' Position

Plaintiffs will detail their full argument in Opposition to Defendants' Motion to Stay on or by June 12, 2025. As stated above, Defendants updated their ToS in August 2024, during the pendency of *McFadden v. Fenix Internet et. al.* (1:23-CV-06151) (N.D. Ill.). The changes made to the ToS were significant including changes to the forum selection clause. This is not the same forum selection clause that is before

the Court in the *McFadden* case. Another significant change to the ToS is to the clause that governs the creator/fan relationship and the use of third parties for when Creators and Fans interact. While Plaintiffs have brought similar allegations in this instant matter as in the *McFadden* case, the changes in the ToS impact the legal and factual issues to be considered and decided by this Court. There is no reason to delay briefing on these legal and factual issues.

As a result of the updated ToS, Plaintiffs do not believe a stay will simplify the issues in question, reduce the burden of litigation on the parties or the Court, or prevent prejudice to the parties. In fact, staying the matter would be prejudicial to Plaintiffs as the *McFadden* case is only in the pleading stage and final resolution may be years away.

Notwithstanding the dispute as to the stay, Plaintiffs agree with the proposed discovery schedule outlined in Defendants' Position section below.

b. **Defendants' Position**

Defendants have filed a motion to stay this action pending final resolution of its related action, *McFadden v. Fenix Internet et. al.* (1:23-CV-06151) (N.D. Ill.), also before this Court. Dkt. 31. Defendants request a stay of *Brunner* to simplify the issues in question, reduce the burden of litigation on parties and on the Court, and prevent prejudice on either party. Given the pending motion, Defendants propose the following discovery schedule, assuming the Court does not grant the motion to stay.

11

If the Court grants the motion to stay, Defendants propose that the parties submit a joint status report to the Court 30 days after the final resolution in *McFadden*.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | 4 months after ruling on Motion to Dismiss |
| Close of Fact Discovery | 9 months after ruling on Motion to Dismiss |
| Disclosure of Plaintiffs' Expert Report(s) Related to Class Certification | 30 days after Close of Fact Discovery |
| Deposition of Plaintiffs' Class Certification Expert(s) | Within 30 days of disclosure of Plaintiffs' Expert Report(s) |
| Disclosure of Defendants' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Plaintiffs' Expert Report(s) |
| Deposition of Defendants' Rebuttal Class Certification Expert(s) | Within 30 days of disclosure of Defendants' Rebuttal Class Certification Expert Report(s) |
| Disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Defendants' Rebuttal Class Certification Expert Report(s) |
| Deposition of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification |
| Plaintiffs' Motion for Class Certification | 45 days after Disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification |
| Defendants' Opposition to Class Certification | 60 days from date of filing of Motion for Class Certification |
| Plaintiffs' Reply to Opposition to Class Certification | 30 days from date of filing of Opposition |
| Status conference to discuss remaining case schedule, including deadline for completion of all discovery and trial | 3 weeks after the Court's ruling on Plaintiffs' Motion for Class Certification |

## III. <u>Trial</u>

    A.    Plaintiffs have requested a jury trial.

      B.     The Parties jointly propose to confer regarding estimated trial length upon the Court's resolution of Plaintiffs' motion for class certification.

V.    **<u>Settlement, Referrals, and Consent</u>**

      A.     **Settlement Discussions:** To date, no settlement discussions have taken place.

      B.     **Settlement Conference Request:** At this time, the Parties do not request a settlement conference.

      C.     **Proceeding Before the Magistrate Judge for All Purposes:** The Parties do not consent to proceed before the Magistrate Judge for all purposes.

IV.    **<u>Other</u>**

    None at this time.

                 Respectfully submitted,

                 */s/ Matthew L. Kutcher*
                 Matthew L. Kutcher
                 **COOLEY LLP**
                 110 N. Wacker Drive, Suite 4200
                 Chicago, IL 60606
                 Tel.: (312) 881-6500
                 mkutcher@cooley.com

                 *On behalf of Defendants*

                 */s/ Andrea R. Gold*
                 Andrea R. Gold
                 **TYCKO & ZAVAREEI LLP**
                 2000 Pennsylvania Avenue, NW
                 Suite 1010
                 Washington, DC 20006

Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com

Keith T. Vernon**
TIMONEY KNOX, LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

** Motion to Appear Pro Hac Vice pending

*On Behalf of Plaintiffs*