UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. BRUNNER AND J. FRY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNET, LLC AND FENIX INTERNATIONAL LIMITED,<br><br>Defendants. | Case No. 1:25-CV-3244<br><br>Honorable John F. Kness |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' OPPOSED MOTION TO STAY**

Plaintiffs M. Brunner and J. Fry, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel of record, do hereby file the following *Memorandum in Opposition to Defendants' Opposed Motion to Stay*.

## I. INTRODUCTION

Defendants' *Opposed Motion to Stay* ("*Motion*") is based on the mistaken premise that the first-to-file doctrine applies here. *See Motion* (Dkt. No. 32). Defendants argue that this action "contains the exact same core allegations and nearly identical claims as *McFadden*" while ignoring that this case involves Defendants' updated Terms of Service ("*ToS*") and is pending in the same court as *McFadden*. *Id.* Defendants' updated *ToS* contains core provisions that Defendants have modified since *McFadden* was filed, including but not limited to the forum selection clause, the choice of law clause, the clause purportedly disclaiming any affirmative obligation for Defendants to monitor or moderate Creators' content, the clause limiting disputes arising from a Fan/Creator Transaction, the clause granting jurisdiction in Wilmington, DE to cases brought exclusively

1

against Defendant, Fenix Internet, and the clause permitting Creators to use third parties to assist them in operating their OnlyFans accounts. What's more, the causes of action in the two cases also differ. As such, Defendants' *Motion* should be denied because this case is: (1) filed in the same court as *McFadden*; (2) has additional claims not asserted in *McFadden*; and 3) is based on Defendants' new ToS which is different than the ToS at issue in *McFadden*. Further, a stay will unduly prejudice the Plaintiffs as it will unjustly delay their lawsuit, will not simplify the issues in question or streamline the trial, and finally, will not reduce the burden of litigation on the parties or on the Court. Defendants' Motion should be denied and this case should proceed forthwith.

## II.    BACKGROUND

Plaintiffs instituted this class action lawsuit on March 26, 2025, against the operators of the website OnlyFans.com ("OnlyFans"), a social media platform in which users ("Fans") pay to access content uploaded by content creators ("Creators") after subscribing to a Creator's page. This content includes direct messages, videos, and photographs. Defendants market OnlyFans as a platform for "authentic connections" between Fans and Creators by allowing users to pay for content seemingly directly from the Creators while retaining 20% of the revenue from these transactions. Unbeknownst to Fans, many of the "authentic" communications they pay for are not with the Creators at all because many of the highest-earning Creators hire third-party call center "chatters" to interact with Fans, a fact known to OnlyFans. OnlyFans promotes direct communication to deceptively induce Fans to pay for interactions with Creators, while knowingly allowing many of those interactions to occur without the Creators' involvement, thereby breaching its contractual obligations and defrauding customers in pursuit of enormous profits. As a result of this practice, OnlyFans also shares Plaintiffs' sensitive personal information with third parties without Plaintiffs' knowledge or consent. In this matter, Plaintiffs have brought causes of actions

that are not alleged in *McFadden*, specifically, Violation of the Federal Video Privacy Protection Act and Declaratory Judgment.

The *McFadden et al. v. Fenix Internet et al.,* (1:23-CV-06151) (N.D. Ill.) lawsuit was filed on August 25, 2023. During the pendency of *McFadden,* Defendants, in August 2024, updated their *ToS*. Specifically, Defendants modified the forum selection clause, the choice of law clause, the clause purportedly disclaiming any affirmative obligation for Defendants to monitor or moderate Creators' content, the clause limiting disputes arising from a Fan/Creator Transaction, the clause granting jurisdiction in Wilmington, DE to cases brought exclusively against Defendant, Fenix Internet, and the clause specifically permitting Creators to use third parties to assist them in operating their OnlyFans accounts. Defendants fail to acknowledge and address in their Motion that the changes to the *ToS* raise new legal issues including the enforceability of the forum selection and choice of law clauses and the impact, if any, of the other new and/or modified clauses referenced herein. *McFadden* also includes causes of action for breach of the New Jersey Consumer Fraud Act and New Jersey Common Law Fraud, causes of action that are not at issue in this matter.

While both cases concern Defendants' alleged failure to honor their contractual promises, the contracts at issue in each case are not identical. Moreover, as explained above, the causes of action alleged in each case are not identical. For one, Plaintiffs here allege that Defendants' improperly shared Plaintiffs' sensitive personal information, including intimate communications, with third parties without Plaintiffs' knowledge or consent in violation of the Federal Video Privacy Protection Act. Thus, some of the legal analysis and application of the facts are different in this matter than in *McFadden*. Further, the putative classes alleged in each matter are different. Individuals who are subject to the updated *ToS* are not included in the putative class as defined in

3

*McFadden* and individuals who are subject to the prior *ToS* are not part of the putative class alleged in this matter. In light of these distinct legal and factual issues, Plaintiffs and putative class members in this matter should not be forced to delay resolution of their case indefinitely.

### III. LEGAL STANDARD

"Federal district courts have inherent power to administer their dockets so as to conserve scarce judicial resources." *Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980, 995 (N.D. Ill. 2023) (internal citations omitted). "Thus, 'for reasons of wise judicial administration,' the Court may dismiss, stay, or transfer a case 'whenever it is *duplicative of a parallel action already pending in another federal court*.'" (Emphasis added) (Internal citations omitted) *Id*. "[A] suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Newman v. Benefytt Techs., Inc.*, 689 F. Supp. 3d 594, 598 (N.D. Ill. 2023) (internal citations omitted). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (internal citations omitted). However, "[a] stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. North Am. Co.,* 299 U.S. 248*,* 257 (1936)). "A trial court abuses its discretion by issuing 'a stay of indefinite duration in the absence of a pressing need.'" *Cherokee Nation*, 124 F.3d 1413 at 1416 (citing *Landis*, 299 U.S. at 255).

## IV. ARGUMENT

**A. This Court Should Deny Defendants' Motion To Stay Because The First-To-File Rule Does Not Apply To Actions In The Same Court And *Brunner* Raises Distinct Factual and Legal Issues That Can And Should Be Addressed Now.**

Defendants rely heavily on the first-to-file rule in support of their Motion to Stay. However, the first-to-file rule is inapplicable here, where the two cases turn on certain distinct facts, include differing causes of action, and are pending in the same Court. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833, (N.D. Ill. 2004). This case, although very similar to *McFadden*, is not "duplicative of a parallel action already pending in another federal court." *Williams*, 678 F. Supp. 3d at 995. First, this matter is *not* pending in "another federal court." Both matters are pending in the same Court. As such, this Court does not need to take the drastic step of staying this matter to preserve scarce judicial resources. This Court can exercise its discretion to coordinate the actions as it sees fit while permitting both to proceed. See *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, Case No. 18-cv-00825, 2024 WL 4784283 (N.D. Ill. Sept. 27, 2024) (Court denied a motion to stay proceeding pending the outcome of another matter).

Second, even if this matter were pending in another federal court, the *ToS* at issue here has been updated compared to the *ToS* at issue in *McFadden*. Specifically, the updated *ToS* has a different forum selection clause, choice of law clause, clause disclaiming any affirmative obligation for Defendants to monitor or moderate Creators' content, clause limiting disputes arising from a Fan/Creator Transaction, clause granting jurisdiction in Wilmington, DE to cases brought exclusively against Defendant, Fenix Internet, and a clause specifically permitting Creators to use third parties to assist them in operating their OnlyFans accounts. As such, Defendants incorrectly argue that, "the pending motion to dismiss in *McFadden* poses 'threshold issues in this litigation' *that would be equally applicable to Brunner*, including whether Defendants

5

are subject to personal jurisdiction in this District, *and whether the forum selection clause in the OnlyFans Terms of Service is binding on both sets of Plaintiffs*. (Emphasis added) *Memorandum* at 5 (Dkt. No. 32).

In order to fully appreciate the differences in the *ToS*, including the updated forum selection clause, the parties will need to fully brief the issues. More importantly, resolution of the legal issues in *McFadden* will not necessarily resolve the legal and factual issues at issue here. Plaintiffs anticipate that the thrust of their argument will center on the question of whether the language of the forum selection clause in the updated *ToS* is permissive rather than mandatory. This and other issues are sufficiently different that resolution in *McFadden* will not necessarily resolve the issues in this matter. As such, this matter is not "duplicative of a parallel action already pending *in another federal court*". *Id.*

### B. A Stay Of This Action Would Unduly Prejudice And/Or Tactically Disadvantage Plaintiffs and Putative Class Members

Even assuming *arguendo* that this matter was entirely duplicative of *McFadden* (it is not), and that it was filed in another federal court (it was not), a stay is still not warranted. "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." (Internal citations omitted) *Pfizer Inc.,* 640 F. Supp. 2d at 1007. "Orders staying proceedings must both be '[]moderate' and within 'reasonable limits.'" (Internal citations omitted) *Hall v. Meridian Senior Living, LLC*, 21-CV-55-SMY, 2021 WL 2661521, at *1 (S.D. Ill. June 29, 2021). Defendants request a stay until the conclusion of *McFadden,* which could be years away. Such open-ended stays are disfavored by the courts. *Abbott v. Lockheed Martin Corp.*, Case No. 06-cv-0701-MJR, 2007 WL 3145017 (S.D. Ill. Oct. 25, 2007);

6

*Bank of Am. v. Veluchamy,* Case No. 09 C 5109, 2010 WL 1693108 (N.D. Ill. April 26, 2010) (Open-ended or indefinite stays are prejudicial as prevent parties from taking discovery).First, a stay of this action will unduly prejudice and tactically disadvantage Plaintiffs, the non-moving parties, because the *ToS* at issue in the two actions are different and Plaintiffs here assert claims for violation of the Federal Video Privacy Protection Act and for Declaratory Judgment, which are cause of actions that are not asserted in *McFadden*. The Video Privacy Protection Act was passed to protect individuals from disclosure of protected information without consent. This cause of action will require its own unique discovery and its own legal briefing. Additionally, the *McFadden* case includes causes of action that are not included in the instant case. Specially, claims for breach of the New Jersey Consumer Fraud Act and New Jersey Common Law Fraud. *See Lewis v. Maverick Transp. LLC*, 3:22-CV-46-NJR, 2022 WL 17414979, at *5 (S.D. Ill. Dec. 5, 2022) (the U.S. District Court for the Southern District of Illinois held that "staying the case forces the manner in which *Lewis* [second filed case] challenges Lytx's BIPA violations because *Lewis* brings claims against Lytx that do not exist in the *Cavanaugh* litigation [first filed case]—specifically, claims under BIPA §§ 15(a) and 15(c). Thus, the Court finds that *Lewis* will be unduly prejudiced if the Court stays this case any longer.")

Similarly, a stay of this action will unduly prejudice and tactically disadvantage Plaintiffs because they assert claims based on Defendants' updated *ToS* that are not asserted in *McFadden*. Defendants have asked to stay this matter pending the final outcome of *McFadden* which is only in the pleading stages and may be years from resolution. Staying this matter indefinitely for years would be highly prejudicial to the Plaintiffs in this matter, each of whom assert unique claims, fact, and represent a substantively different class than the McFadden Plaintiffs. At the same time, it will not be prejudicial to Defendants. Defendants cannot feign surprise that they might have to

7

litigate new issues regarding a modified *ToS* when they made the purposeful and strategic decision to modify their *ToS*, presumably in response to *McFadden*. Given Defendants' affirmative and unilateral decision to do so, they should be prepared to litigate these new issues now rather that later. Defendants should be not able to have their cake (i.e. unilaterally modify their *ToS*) and eat it too (delay indefinitely litigation regarding, in part, that new *ToS*).

Second, a stay here will not simplify the issues in question or streamline the trial because, as discussed above, this action raises distinct issues from *McFadden* that can be briefed and resolved now. The *McFadden* trial will not resolve all of the claims in this matter as there are different and additional causes of action alleged. This will also require separate and distinct discovery from *McFadden* as this is distinct cause of action with its own elements and facts.

In addition, Defendants opposed Plaintiffs' request for the Court to take judicial notice of the updated *ToS* in *McFadden* which would have helped to simplify an issue before the Court. (*See* Dkt. No. 75). Now Defendants are asserting that the stay will simplify the issues when they have already argued that the issues regarding the updated *ToS* are not the same. It seems this is all done to create delay and prejudice Plaintiffs and consumers.

Finally, a stay here will not reduce the burden of litigation on the parties and on the Court because: 1) as discussed above, there are several distinct legal and factual issues than in *McFadden*; and 2) this Court has less restrictive actions it can take rather than staying this matter that will increase efficiency, such as requiring counsel in both cases to coordinate discovery. If the Court were to stay this matter, it would likely increase the burden of litigation on the parties and the Court since it would require, at a minimum, duplicative discovery, increased document discovery costs associated with storing large amounts of discovery on document review platforms for years, create the certainty of stale discovery as witnesses change jobs, forget conversations, and routinely

delete responsive, discoverable documents, and force the parties to generally litigate both cases without coordination. Allowing the cases to go forward now will ensure efficient discovery in both cases and avoid the risk of lost or otherwise encumbered documents, memories, or witnesses. In short, a stay will increase the burden of litigation on the Parties and the Court given the amount of time the stay would remain in effect.

## V. CONCLUSION

Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Stay because this matter is pending in the same court as *McFadden* (such that the litigations can be coordinated for efficiency), the two actions involve different ToS and different factual and legal issues, and because staying this case would significantly prejudice Plaintiffs who have every right to have their claims heard now. This Court has administrative tools available to ensure the fast, fair, and judicious prosecution of both actions. Employing such tools is much more appropriate and fair than indefinitely staying this important case without a pressing need.

Dated: June 12, 2025

Respectfully submitted,

/s/ Andrea R. Gold

Andrea R. Gold (#6282969)
Shana Khader (#5015995)
David A. McGee*
**TYCKO & ZAVAREEI, LLP**
2000 Pennsylvania Avenue, NW
Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
Email: skhader@tzlegal.com
Email: dmcgee@tzlegal.com

Keith T. Vernon*
**TIMONEY KNOX, LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

Andrew W. Knox*
**TIMONEY KNOX, LLP**
400 Maryland Drive
Fort Washington, PA 19034
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: aknox@timoneyknox.com

Troy M. Frederick*
Beth A. Frederick*
**FREDERICK LAW GROUP PLLC**
836 Philadelphia Street
Indiana, Pennsylvania 15701
Phone: (724) 801-8555
Fax: (724) 801-8358
Email: TMF@FrederickLG.com
Email: BAF@FrederickLG.com

David M. Ferris*
Brian R. Charville*
**FERRIS & CHARVILLE, LLC**
118 Turnpike Road, Suite 300
Southborough, MA 01772
Phone: (508) 281-5600
Facsimile: (508) 229-0356
Email: david@ferrisdevelopment.com
Email: bcharville@ferrisdevelopment.com

Jonathan Shub*
**SHUB JOHNS & HOLBROOK, LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380

Email: jshub@shublawyers.com

Robert B. Carey*
Leonard W. Aragon*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Email: rob@hbsslaw.com
Email: leonarda@hbsslaw.com

*Counsel for Plaintiffs M. Brunner, J. Fry, and the Putative Class*

*\* Pro Hac Vice Admission Applications Forthcoming*

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrea R. Gold*
Andrea R. Gold